O. T. & J. H. BRIDGES, Respondents, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1911.

RAILROADS: Fencing Track: Second Appeal. Where, on second appeal, the new evidence is merely cumulative and the issues it presents were analyzed and determined in the former bearing, the opinion of this court on the first appeal will not be disturbed. [132 Mo. App. 576.]

159 App.—37

Appeal from Cooper Circuit Court.—*Hon. Wm. H. Martin*, Judge.

AFFIRMED.

*Lee W. Hagerman* and *Pendleton & Pendleton* for appellant.

*W. F. Draffen* and *Jeffries & Corum* for respondents.

PER CURIAM.—This action was before us on a former appeal (132 Mo. App. 576) from a judgment rendered in the circuit court in favor of the defendant. We reversed the judgment and remanded the cause. At the second trial a jury was waived; the cause was submitted to the court and judgment was rendered for plaintiff. Defendant appealed and complains of the overruling of the demurrer to the evidence and of the rulings of the court in its declarations of law. As we view the record the case now presented does not differ in material respects from that we considered on the former appeal. The new evidence introduced by defendant was merely cumulative and the issues it presents were analyzed and determined in our opinion. We find the rulings of the circuit court were in substantial conformity with the law of the case pronounced by us and, therefore, are constrained to believe that the real object of the present appeal is to induce us to change our opinion.

We do not feel disposed to do this. A carefully re-examination of the case has strengthened our conviction that we decided it by the application of true rules and sound logic. The expansion and development of the means of railroad transportation, as well as the growth of defendant's business, is compelling the gradual expansion of the road into a double track railroad through the medium of building long passing tracks, with constantly diminishing distance between them.

Defendant is asking us to stretch a purely judicial rule exempting railroad companies from the duty of fencing their tracks between proper station limits, to cover portions of its railroad it has double tracked to meet the requirements of its general business. The statute contemplates that whether a railroad be a double or a single track, it shall be fenced, and the only exception we could make would be to exempt necessary switch yards from the operation of the statute. If defendant wishes to be relieved of the burden of fencing the double track parts of its railroad, it should go to the Legislature. The courts have no power to legislate nor can they ignore plain provisions of the statutes.

The judgment is affirmed.