DAL LANGLEY, Respondent, v. WALKER D. HINES, Director General of Railroads, Appellant.

Springfield Court of Appeals, February 14, 1921.

1. **RAILROADS: Automobile Driver with Obstructed View Held, Negligent in Failing to Look.** An automobile driver, who stopped and looked and listened before starting to cross several tracks, when his view was obstructed by an engine on the first track, which also prevented his hearing the signals of another train, was contributorily negligent as a matter of law in thereafter driving across the second track without looking, as he could have done, when he could have seen a train approaching on that track.

2. ———: **Automobile Driver Failing to Look, Cannot Assume Speed Ordinance Will be Observed.** Driver of an automobile approaching a railroad crossing in a city cannot avoid the effect of his contributory negligence in not looking for an approaching train when it could have been seen, by relying on the presumption that the train would not approach at a speed exceeding eight miles an hour, as limited by city ordinance.

Appeal from Butler Circuit Court.—*Hon. Almon Ing.* Judge.

REVERSED.

*Jas. F. Green* and *J. C. Sheppard* for appellant.

(1) The court erred in permitting the city ordinance to be read in evidence to the jury. This ordinance only made it a misdemeanor for the engineer or one having charge of an engine to fail to ring the bell or sound the whistle before crossing the street. Plaintiff does not base his cause of action on sec. 3140, R. S. 1909. Vandeventer v. Railroad, 32 N. E. 636; Beisigegel v. Railroad, 40 N. Y. 9; Weber v. Railroad, 58 N. Y., 459; Biggs v. Railroad, 72 N. Y., 26. (2) Where the view is obstructed it is the duty of one about to cross a railroad track at a public crossing to stop,

look and listen before attempting to cross the track, and unless he does so he cannot recover, although the engineer fails to ring the bell or sound the whistle. Harlan v. Railroad Company, 64 Mo. 480; Stepp v. Chicago R. I. and P. Ry. Co., 85 Mo. 229; Kelly v. Chicago A. R. Co., 88 Mo. 534; Damrill v. St. Louis, S. F. Railroad Co., 27 Mo. App. 202; Hook v. Missouri Pacific R. R. Co., 162 Mo. 569; Draim v. Railroad Co., 10 Mo. App. 531; Schmidt v. Railroad Company, 191 Mo. 215; Farris v. Railroad, 167 Mo. App. 392; Connor v. Railroad Co., 149 Mo. App. 687; Green v. Mo. P. R. R. Co., 192 Mo. 131; Tanehill v. K. C. Railway, 213 S. W. 818. (3) Where the plaintiff is injured at the railroad crossing and the accident did not happen in the nighttime, and happened at a time and place where he could see and and advise himself of the presence and speed of a train, he cannot rely upon the presumption that the engineer will obey the speed ordinance of the city. If he is alive and testifies on the trial, it is his duty to testify as to whether or not he did rely upon the fact that the engineer would obey the speed ordinances; and unless he does so testify he cannot recover. Mockowik v Kansas City R. R. Co., 196 Mo. 550, 571, citing Hutchinson v. Railroad, 161 Mo. 254; Weller v. Railroad, 164 Mo. 180; Ariska v. Railroad, 180 Mo. 168; Sullivan v. Railroad, 117 Mo. 214; Connor v. Railroad, 149 Mo. App. 675, 687; Green v. Railroad, 192 Mo. 131; Magininnis v. Railroad, 182 Mo. App. 694; Paul v. United Ry., 152 Mo. App. 577; Products Co. v. W. Ry., 185 Mo. App. 316; Paul v. Railroad, 152 Mo. App. 587. (4) The verdict was against the law as declared in instruction "No. 4," and therefore, the court should have set it aside and granted a new trial. Green v. Railway, 192 Mo. 131; Connor v. Railroad, 149 Mo. App. 687; Farris v. Railroad, 167 Mo. App. 392; Kelsey v. Railroad, 129 Mo. 362. (5) The proof in this case on the part of the plaintiff clearly shows that he did not stop, look or listen for the approaching train after he passed the engine on the side track; he had a clear view for several hundred feet south

when he was fifteen feet from the track the passenger train was on, and even if he had sworn that he did look and did not see, it would have made no difference. Hook v. Railroad, 162 Mo. 580-581; Kelsey v. Railroad, 129 Mo. 362; Hayden v. Railroad, 124 Mo. 572-573.

*David W. Hill* for respondent.

Having stopped, looked and listened and having not heard or seen any train approaching, nor heard any bell rung nor whistle sounded, he had a right to proceed across, believing that there was no other train in that vicinity, and he was acting as an ordinarily prudent person would have acted under the same or similar circumstances and was not guilty of negligence. Stepp v. St. Louis-San Francisco Ry. Co., 211 S. W. 730; Swigart v. Railroad, 196 Mo. App. 471; Underwood v. Railroad, 190 Mo. App. 407, 182 Mo. App. 252; Campbell v. Railroad, 175 Mo. 161; Moore v. Railroad, 157 Mo. App. 65; Elliott v. Railroad, 105 Mo. App. 523; Barrett v. Delano, 187 Mo. App. 501; Osborn v. Eyster, 192 S. W. 142; Leuders v. Railroad, 253 Mo. 97; Weeler v. Railroad, 120 Mo. 635; Petty v. Railroad, 88 Mo. 306; Donohue v. Railroad, 91 Mo. 357; Kannayde v. Railroad, 45 Mo. 255; Montgomery v. Railroad, 181 Mo. 477.

BRADLEY, J.—Plaintiff was injured and his automobile damaged while attempting to cross Park Avenue in the city of Poplar Bluff on June 15, 1919. Plaintiff alleged the failure to sound the whistle or ring the bell, and also the failure to observe an eight mile speed ordinance in force in said city. The answer was a general denial and a plea of contributory negligence. A jury trial resulted in a verdict for $300 for personal injury, and $100 for damages to the automobile. Failing to get a new trial defendant appealed.

Plaintiff was on Park Avenue in a Ford automobile approaching the crossing from the East on a clear day about 11:50 a. m. The railroad tracks run nearly North

and South, and intersect Park Avenue at about right angles. As plaintiff approached the crossing there was an engine with two cars backing South over the crossing on the track immediately East of the track where the collision occurred, and plaintiff stopped, but left his engine running, until this engine cleared the roadway of the street, and then he proceeded to cross. The train that collided with plaintiff was a passenger train approaching from the South. The distance between these two tracks was 10 or 12 feet. The depot was North of this crossing some three or four hundred feet. The bell on the engine on the side track was ringing as that engine and two cars passed over the crossing. This engine stopped after the crossing was cleared, and plaintiff's view to the South was obstructed until he passed the standing engine. Plaintiff says that he was driving his car in low, and was moving at the rate of about three or four miles per hour. The train that struck plaintiff consisted of the engine, a baggage car and two passenger coaches, and after the collision the train ran the length of the engine and two of the coaches before stopping. Plaintiff testified that he looked and listened for the approach of a train when he was standing on the East side of the switch track, but that he did not hear this approaching train. He did not look after he had reached a point where he could see, and where looking would be effective.

Plaintiff alleged the failure to sound the whistle or ring the bell, and offered evidence of a negative character to show that neither was done, but defendant's evidence was that the whistle was sounded at a crossing South of Park Avenue, and that the bell was ringing as this street was approached and crossed. Plaintiff went to the jury, however, with only the alleged violation of the speed ordinance as a ground of negligence.

The only question we need to consider is whether defendant's demurrer at the close of the whole case should have been sustained. That is, does the evidence show that plaintiff was guilty of contributory negligence

as a matter of law. We are of the opinion that the evidence so shows. When plaintiff's view was obstructed by the switch engine and the two cars, it served no purpose to look, and the noise of the switch engine and his automobile engine evidently rendered listening, ineffective. After the switch engine cleared the roadway he proceeded to cross without then looking for an approaching train. Plaintiff was 28 years of age, and had lived in Poplar Bluff all his life, and was thoroughly familiar with this crossing. He knew there were a number of tracks, and he could not assume that he had discharged the duty he owed himself when he stopped for the switch engine, and then look and listened at a time and place when he could neither see nor hear. Had he used that care that the law required of him when approaching this railroad crossing he would not have been injured. It is apparent, considering the speed plaintiff was driving after he started up, and considering the distance between the tracks that had he looked he would have seen and could have stopped his automobile and averted the collision. The track on which was the approaching train does not run exactly North and South, but a little Northeast and Southwest. A photograph introduced in evidence and in the record shows that one in a Ford automobile could see to the South for quite a distance about the time the front wheels reached the West rail of the track on which was the switch engine. It is so apparent that had plaintiff looked he could and would have seen and could have stopped there is scarcely room for argument.

Plaintiff under the facts here could not presume that the eight mile ordinance would be observed. [Green v. Railroad, 192 Mo. 131, 90 S. W. 805.] The instant case is on the facts analogous to the Green case. There it was said: ''The demurrer to the evidence should have been sustained. Conceding that the engine was going at an unlawful rate of speed, and that the bell was not ringing and therefore that defendant was negligent, still the defendant was not liable if there was negligence of

the deceased which directly contributed to the accident.
The testimony shows that the situation was such that
if the deceased, after passing the freight engine and
before stepping on the main track, had looked she would
have seen the helper engine coming and could have
paused in a place of safety until it passed, but that she
did not look and went on to her death." Plaintiff did
not see the approaching train until it was near him;
he says he saw it about 10 or 12 feet away before it struck
him. Plaintiff had almost cleared the track when the ap-
proaching engine struck the rear of the automobile and
plaintiff says "turned me completely around, and got
the back hind wheels." Lyter v. Hines, 224 S. W.
837, was a crossing case, and there we denied recovery
because the plaintiff failed to exercise that care which
the law requires. In that case we quoted from Under-
wood v. Railroad, 182 Mo. App. 1. c. 262, 168 S. W.
805, and a part of the language quoted there is applica-
ble here: "It is elementary law that a railroad track
is itself a warning of danger, and that no one has a
right to heedlessly enter on such danger, relying on the
persons running an approaching train to give him warn-
ing of its approach without himself taking every reason-
able precaution to inform himself as to such approach-
ing train. This is merely saying that where both par-
ties are negligent, no liability arises. It is always a
person's duty to look and listen when possible before
entering on a railroad crossing." We have reached the
conclusion that plaintiff was guilty of contributory neg-
ligence as a matter of law, and it follows, therefore,
that the judgment should be reversed, and it is so order-
ed. *Farrington J.*, concurs, *Cox, P. J.*, not sitting.