T. V. SCHOONOVER, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, a Corporation, Appellant.

Springfield Court of Appeals, June 18, 1921.    Rehearing Denied August 9, 1921.

1. **RAILROADS: Fence Required at Private Switch.** A railroad has the right to leave open whatever track is necessary to permit it to transact business with the public and insure the safety of its employees, but it must not leave open any more track than is reasonably necessary to enable it to properly discharge its duty to the public, and it must locate its switches with a view to leaving no more open track than is reasonably necessary, and cannot be released from its duty to fence on account of having a switch or spur for the sole accomodation of a private enterprise.

2. ——: Fence Required at Place of Animal's Entry on Track Near Flag Station. A railroad is not excused from fencing its line to prevent animals from going on the track at a place between 100 and 150 feet from a station platform in an unincorporated village of four or five families, where there is no platted town and no depot or station agent, and only the platform, at which no trains stop, except when flagged or when they have passengers or freight to discharge.

3. APPEAL AND ERROR: No Complaint of Amount of Damages, in Absence of Controverting Evidence. Where plaintiff testified that value of cow wrongfully killed for shipping purposes was $50, but that its value at the time and place of its death was $75, defendant cannot complain on appeal against the manner in which the statement for plaintiff that the value was $75 was elicited, not seeking to controvert it.

4. RAILROADS: Instruction, Linking Together Definition of Station and Use of Switch, Held Erroneous. In an action for double damages for death of a cow on track, an instruction, linking together a definition of a station and the use of a switch in connection with a station, and standing alone in a case where the question of a station or no station and the use of a switch in connection therewith was at issue, was erroneous.

5. APPEAL AND ERROR: Erroneous Instruction Held not Prejudicial. In an action for damages for the death of cow on railroad track an erroneous instruction, which told the jury that if they should find that the switch at or near which the animal was killed was maintained for the exclusive accommodation of one industry, then such switch was not a station within the meaning of the law so as to relieve the defendant of the duty to fence its track, even though they should further find that trains sometimes stopped there to receive and discharge passengers and freight, held not prejudicial.

6. RAILROADS: Necessity for Leaving Track Unfenced, Defense to be Proved. In an action under the Double Damage Act for death of an animal on railroad track, plaintiff makes out a prima-facie case by showing that the animal entered on the track and was killed where the track passed through, along, or adjoining inclosed or cultivated fields, or uninclosed lands, and not at a crossing of any public road or other road, and not within the limits of any incorporated town, city, or village, and if the nearness of a public station or a public switch made it necessary to leave the track unfenced at the point where the animal entered on the track, that is a matter of defense, and the burden is on defendant to establish it.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*W. F. Evans* and *Ward & Reeves* for appellant.

(1) If the court was right in overruling the demurrer to the evidence, it was certainly a question of fact whether or not Ogden was a station within the meaning of the law, and whether or not it could be fenced without endangering the life of the employees of defendant and without inconvenience to the public doing business with the company, and this question must be submitted under proper instructions. Instruction No. 3 never mentioned these materal issues but directed a verdict under an erroneous theory without submitting the proper issues to the jury. Smith v. Railroad, 111 Mo. App. 410; Acord v. Railroad, 113 Mo. App. 86; Edie & Son v. Railroad, 133 Mo. App. 9; Collins v. St. Louis, I. M. & S. Railroad Co., 181 S. W. 591; Francis v. Busch, 226 S. W. 57.

*Corbitt & Styles* for respondent.

(1) "Where plaintiff's instructions cover only part of the case, the omission therein is supplied by those given at defendant's instance, which cover the case." Gibler v. Terminal Railroad, 203 Mo. 208, 101 S. W. 37; St. Louis, I. M. & S. Ry. v. Stewart, 201 Mo. 491, 100 S. W. 583; Sipple v. Laclede Gas Light Co., 125 Mo. App. 81, 102 S. W. 608; Bell v. Central Elec. Ry. Co., 125 Mo. App. 660, 103 S. W. 144.

COX, P. J.—Action for double damages for killing a cow at a point on defendant's road where it is alleged it was required to, but did not, fence. Verdict for plaintiff for $75 which was doubled by the court and judgment rendered for plaintiff for $150 and defendant has appealed.

The cow was killed near what is called Ogden. Appellant contends that Ogden was a station on its line of road and that the cow was struck at a point within the switch limits at that public station and for that reason, it is not liable under the double damage act. The evidence shows that there is no depot at Ogden and no station agent but only a platform composed of sand and silica. No trains stop there except when flagged or when they have passengers or freight to discharge. There are four or five families living there but no platted town. The railroad runs east and west at that point. From 100 to 150 feet west of the west end of the platform a switch or spur leaves the main track and runs out a short distance to accommodate the Edwards Pole & Piling Co. who use this switch or spur for loading lumber and piling. The use of the switch is not open to the public but is maintained there for the sole accommodation of the aforesaid company and no other person can use it without first securing the permission of this company. At or near the switch stand where the switch leaves the main track, a dirt road crosses the railroad track but whether or not this is a public road is not clear. Some fifty or more feet west of the switch stand is a trestle. The cow came on the track somewhere between the switch stand and the trestle and was struck and killed at the trestle. The evidence tends to show that it is necessary for the protection of the trainmen in using the switch to keep the track open and free from cattle guards some distance from the switch stand. The witnesses vary in their estimate, placing it from 40 or 50 feet to 150 feet.

It is conceded that the track was not fenced at the point where the cow entered on the track or where she was killed and if the presence of the switch relieved the defendant of the duty to fence, then there is no liability but if it did not, then liability is clearly established. There is some contention between counsel as to whether or not Ogden is a station on the railroad within the meaning of the law so that the defendant would be justified

in leaving any of its track unfenced on that account. If we concede that Ogden is a station, we do not regard that as a controlling factor in this case. The place where the cow entered upon the railroad track is something more than at least 100 feet from the end of the platform and there is no evidence that it was necessary to leave the track at that point unfenced to permit the public to secure access to the platform where they would be required to go in order to transact business with the railroad. Neither does the evidence show that the switch or spur was placed or maintained there for use in connection with the company's business at the station, so we find no evidence to justify the conclusion that the location of the station, if it be a station, had anything to do with defendant's duty to fence. We think this question is to be determined by solving the question whether or not the presence of the switch or spur without any reference to the station relieved defendant from the duty to fence at the point where the cow entered upon the railroad track.

A railroad has the right to leave open whatever track is necessary to permit it to transact business with the public and insure the safety of its employees in switching while engaged in the transaction of business with the public. [Hay v. St. L. & S. F. Ry. Co., 161 Mo. App. 1, 142 S. W. 468.]

While this is true, it is also true that it must not leave open any more track than is reasonably necessary to enable it to properly discharge its duty to the public and it must locate its switches with a view to leaving no more open track than is reasonably necessary. In this case, it is conceded that the switch mentioned is a spur which only connects with the main line at one end and this spur is not for the use of the public but is maintained solely for the accommodation of one firm to enable it to load lumber and piling. No one else is permitted to use this spur except by the permission of this firm. That being true, there was no need of this spur at all to enable the railroad company to transact its business

with the public. This switch was not maintained for the use of the public and the railroad cannot be released from its duty to fence on account of having put in and maintained a switch or spur for the sole accommodation of a private enterprise or business. For that reason, the presence of the spur should be eliminated in determining whether or not it was the duty of defendant to fence its track at the point where the cow entered thereon. [Duncan v. St. L., I. M. & S. R. Co., 111 Mo. App. 193, 85 S. W. 661; Foster v. K. C. S. R. Co., 112 Mo. App. 67, 87 S. W. 57; Bridges v. M. K. & T. R. Co., 132 Mo. App. 576, 112 S. W. 37; Greene v. K. C. S. R. Co., 142 Mo. App. 67, 125 S. W. 865; Hay v. St. L. & S. F. R. Co., 161 Mo. App. 1, 142 S. W. 468.]

With consideration of the presence of the switch eliminated it is clear that it was the duty of defendant to fence at the point where the cow entered on the track and defendant's liability becomes clearly established.

It is next contended that the verdict of $75 assessed as the value of the cow is excessive. No one testified as to the value of the cow except the plaintiff. Defendant placed several witnesses on the stand but they were not questioned on that point. The contention that the verdict is excessive is based on plaintiff's testimony alone. He testified that the value of the cow for shipping purposes was $50 but its value there at the time and place of her death was $75. Some criticism is directed against the manner in which the statement from plaintiff that the value was $75 was elicited but since defendant did not seek to controvert it, we do not think it is now in a position to complain. Plaintiff's testimony furnished some substantial evidence that the cow was worth $75 at the place where she was killed and we are not prepared to say that the jury were not authorized to adopt that as the true value.

The judgment will be affirmed.

*Farrington* and *Bradley, JJ.,* concur.

ON MOTION FOR REHEARING.

PER CURIAM:—On motion for rehearing appellant's counsel make a vigorous attack on instruction No. 3 given for plaintiff. This instruction told the jury that if they should find that the switch at or near where the animal was killed was maintained for the exclusive accommodation of one industry then such switch was not a station within the meaning of the law so as to relieve the defendant of the duty to fence its track even though they should further find that trains sometimes stopped there to receive and discharge passengers and freight.

This instruction links together the definition of a station and the use of a switch in connection with a station and standing alone in a case where the question of a station or no station and the use of a switch in connection therewith was at issue would be erroneous. It could not, however, have misled the jury in this case. The other instructions placed the burden on plaintiff to show that the animal entered on the track and was killed at a place where the defendant was required to fence, that is, where the track passed through, along or adjoining, inclosed or cultivated fields or uninclosed lands and not at a crossing of any public road or other road and not within the limits of any incorporated town, city or village. When the plaintiff proved these facts he made a prima facie case. If the nearness of a public station or a public switch made it necessary to leave the track unfenced at the point where the animal entered on the track that was matter of defense and the burden on the defendant to establish it. [Cox v. A. T. & S. F. Ry. Co., 128 Mo. 362, 31 S. W. 3.]

We find no evidence in this case to warrant the submission of these defenses to the jury, hence defendant could not have been injured by Instruction No. 3.

The motion for rehearing will be overruled.