ORA WALLACE, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, a Corporation, Appellant.

In the Springfield Court of Appeals, January 7, 1924.

**RAILROADS:** Automobile Driver Approaching Track without Looking Negligent. An automobile driver, who could have seen an approaching train when he was within thirty-six to fifty feet from a familiar crossing, but never looked until he was within ten or twelve feet from the track, when automobile brakes were not in good order, although he knew the train was about due, and "was not thinking about a train coming," *held* guilty of contributory negligence as a matter of law.

Appeal from the Circuit Court of Pemiscot County.— *Hon. Henry C. Riley,* Judge.

REVERSED.

*W. F. Evans* and *Ward & Reeves* for appellant.

*Shepard & Hawkins* for respondent.

FARRINGTON, J.—The plaintiff is the widow of W. M. Wallace, deceased, who was killed at a railroad crossing in Caruthersville by one of defendant's trains, and recovered a judgment for $5000. It is from that judgment defendant brings this appeal.

The only point of consequence relied upon is that the court erred in refusing to sustain a demurrer to the evidence at the close of the trial, and this because the appellant contends the evidence shows that the deceased was guilty of contributory negligence as a matter of law. This necessarily requires a review of the facts of the case which are most favorable to the plaintiff. The plaintiff's husband was driving a Hudson automobile in a north or northeasterly direction along a road which adjoined and paralleled defendant's railroad line. The railroad tracks were to his right. As he proceeded north along this road he had an open view of defendant's railroad for about half a mile to the north. In the automobile with him, seated to his right, was a man companion by the name of Barnett, who is the principal witness for plaintiff in this case. On the back seat of the automobile were two women. The witness, Barnett, testified that they traveled north along this road and that he and the deceased knew that the passenger train was due about that time of day, it being about 4:30 in the afternoon, in the month of June. That when they came to a point in the road some 225 feet south of Tennessee Street, which runs easterly and westerly, it became necessary to steer the car to the west along the road to avoid a mudhole, and that from that point, 225 feet from Tennessee street, a barn located on the north side of Tennessee street stood between the occupants of the automobile and defendant's track from the north, and that the barn obstructed the view to the north until the automobile reached a point near the intersection of the road upon which they were traveling and Tennessee street. The plat introduced in evidence, and admitted by both sides to be correct, shows that this barn was located 36.3 feet west of the railroad tracks, which establishes it as a physical fact that when the automobile reached a point 36.3 feet from the railroad crossing on Tennessee street, a clear view to the north could be had by looking for practically half a mile; and the physical facts also dis-

close that as they entered Tennessee street on a curve or angle, having gone around the mudhole and the barn being situated on the north side of Tennessee street, the clear view to the north would have been at a distance farther than 36.3 feet.

We are going to dispose of this case on the testimony of Barnett, who is plaintiff's sole witness of what took place in the automobile which was being driven by her deceased husband. We may state that the record shows that Wallace and one of the women were killed and Barnett and the other woman escaped with their lives, and that Barnett was the only witness produced who was in the automobile. He admits that after the automobile came out from behind the barn that neither he nor the deceased looked to the north or paid any attention to the railroad from the north until they had reached a point some ten or twelve feet from the tracks, and that then they were so close, and the train being right on them, that a collision could not be avoided. He also testified that the brakes on this automobile were not working well and that the deceased knew that they were not in good order. The evidence also shows that the deceased lived in Caruthersville and was familiar with this railroad crossing.

The view we take of this case is that if a person, running an automobile, comes to a railroad crossing with which he is familiar, knows that a train is about due, drives along the road for some 200 feet where there are obstructions to the view, and then comes to a place some thirty-six to fifty feet of the track where there are no obstructions to the view, traveling at a speed of ten or twelve miles an hour, fails to look within such fifty or thirty-six feet and drives on the tracks or so close to the tracks before discovering the train that he cannot stop, his conduct is declared by the Supreme Court in a number of cases and by every Court of Appeals in the State to be negligent in law which forbids a recovery regardless of whether the defendant's servants rang the bell, blew the whistle and exceeded speed ordinances.

A good deal of criticism appears in the brief of respondent concerning holdings of this court, and in fact all the courts, on railroad crossing cases. This court, of course, must follow the last rulings of the Supreme Court and we will dispose of this case by quoting a few excerpts from recent Supreme Court cases growing out of collisions at crossings between trains and automobiles. In the case of Evans v. Illinois Central R. R. Co., 289 Mo. 493, 233 S. W. 397, it is held:

"The acts of the driver of an automobile, in attempting to cross a railroad track in broad day light at a public crossing, where he had reason to expect a train at any moment and where for a distance of fifteen feet from the track he had an unobstructed view of any train that might be approaching, without looking, and where, if he had looked, he could have seen the train which struck him for a distance of three to six hundred feet, con-stituted such contributory negligence as would bar a recovery by his widow in an action based on an allegation of negligence. And although the acts of the train-men in approaching the public crossing at an excessive speed and without blowing the whistle or ringing the bell constituted negligence on the part of the railroad company, such negligence on the part of the traveler would constitute a complete defense to an action based on an allegation of negligence.

In the case of Alexander v. St. Louis-San Francisco Ry. Co., 233 S. W. 44, it is held:

"An automobile driver, who, after passing all obstructions to his view except telegraph poles 175 feet apart, could have seen the approaching train for a half mile had he looked when he was fifty feet from a familiar crossing, but never looked in the direction of the train, after he passed the first obstruction, until he reached a point some twelve or fifteen feet from the crossing, when it was too late to stop his car, held guilty of contributory negligence as a matter of law." This opinion is con-curred in on that point by the full bench.

In State ex rel. Hines v. Bland, 237 S. W. 1018, the Court, in Banc, lays down the following rule:

"Where the view of an automobile driver is obstructed as he approaches a railway crossing, he must look in both directions for approaching trains after he reaches a point from which such trains can be seen, and he is guilty of contributory negligence which precludes recovery, where he fails to see an approaching engine in time to stop his automobile, though he could have done so if he had looked immediately after passing the last obstruction."

This opinion on this point is concurred in by all the judges. It may be noted in the above case there are cited, with approval, the cases of Kelsay v. Railroad, 129 Mo. 362, 30 S. W. 339; Hayden v. Railroad, 124 Mo. 566, 28 S. W. 74.

This disposes of respondent's attorneys' criticism made in oral argument concerning these two cases.

In the case of Monroe v. Chicago & Alton R. R. Co., 249 S. W. 644, the Supreme Court, in Banc, held:

"Where automobilist drove heedlessly upon railroad crossing and did not look until the front wheels of his car were on the first rail of the track, and exercised no diligence to discover the approach of the train, his negligence was not a question for the jury, but a matter of law for the court."

The case of Tannehill v. K. C., C. & S. R. Co., 279 Mo. 158, 213 W. 818, holds that where a person driving an automobile looked for the last time, before entering the danger zone, at a point 400 feet from the crossing, that he was guilty of contributory negligence as a matter of law.

This court followed the rule as laid down by the Supreme Court in cases heretofore quoted in the cases of Lyter v. Hines, 205 Mo. App. 429, 224 S. W. 841, and Langley v. Hines, 207 Mo. App. 587, 227 S. W. 877, and Morrow v. Hines, 233 S. W. 493. The same rule, under similar conditions, was before the St. Louis Court of Appeals in the case of Freie v. Railroad, 241 S. W. 671;

Dickey v. Railroad, 251 S. W. 112; Holtkamp v. Railroad, 234 S. W. 154.

The Kansas City Court of Appeals, in the recent case of Nichols v. Chicago & Alton R. R. Co., 250 S. W. 627, held:

"A traveler approaching a railroad crossing in an automobile at a point where his view is obstructed until he comes within a short distance of the track must approach at such speed and with his automobile under such control that, when he reaches the spot where he can see, he can immediately look and stop before getting into danger."

"Plaintiff held contributorily negligent in approaching, in an automobile driven by his chauffeur, a railroad track along which a train was approaching in full view after plaintiff had come within twenty-five to forty feet of the track, without looking for a train until too close to the track to stop before getting into danger; his only justification being that he was looking for trains on the main track beyond."

Applying this law, which is declared to be such by the Supreme Court and the three Courts of Appeals to the facts of the present case, we find respondent standing in court arguing that the deceased in this case was not guilty of contributory negligence as a matter of law, when it is admitted by plaintiff's case that he looked for the last time for a train coming from the direction of this train that struck him at a point some 225 feet from the crossing. When he approached that crossing behind an obstruction to a point from thirty-six to fifty feet, at which point he came out from behind the obstruction and could have seen the train coming that collided with him for half a mile, and that he did not attempt to look or take any occasion to find out after passing the obstruction.

Respondent's attorneys cite the case of Shaffer v. Chicago, R. I. & Pac. R. R. Co., 254 S. W. 257. The facts of that case are dissimilar to the facts of this case and the cases heretofore cited, in this; that the

driver of the automobile in the Shaffer case was not familiar with the crossing on which his machine was caught, and seeing one train standing on one of the tracks as he approached it and seeing another freight train clear the crossing, the court held was evidence from which a conclusion might be drawn by the driver of the automobile that the crossing was being cleared and therefore an invitation for him to cross. He was unfamiliar with the crossing and therefore did not know of the third track, which was the one upon which the train came that collided with his car. The fact that no one in the car was familiar with this crossing was set out in the statement of facts in that opinion, and in the discussion on the question of contributory negligence, as a matter of law, the court there, again, on page 262, stated that they were not familiar with the crossing.

Plaintiff's witness, who was seated beside her deceased husband, stated that they did not stop the car before entering the danger zone, and that he would not say whether the deceased looked or not after passing the barn which obstructed the view some thirty-six feet from the crossing. His answer to a question, "And didn't listen," was "Was not thinking about a train coming." We think that was a clear expression of the attitude in which this car approached this crossing. The law requires one who knowingly enters upon a railroad crossing to think about trains that may be coming, and when he fails to think, he must suffer the consequences of his own negligence. The judgment is reversed. *Cox, P. J.,* and *Bradley, J.,* concur.